## CLARENCE C. BREWER *v.* F. DAVID & CO. INC.

### JANUARY 8, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Principal and Agent.   Admissions.*

An agent employed by seller to inspect rejected goods and report condition to seller is not authorized to make admissions binding his principal.

(2)  *New Trial.   Verdict Against the Law.*

A verdict cannot be said to be against the law unless it appears that the jury failed to follow the law as stated to them by the trial court.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

RATHBUN, J.   This is an action in assumpsit to recover damages caused by the defendant's alleged failure to keep its agreement to accept and pay for five carloads of potatoes. The jury returned a verdict for the plaintiff for $2,038.21 and the case is before us on the defendant's exceptions to rulings made in the course of the trial and also on an exception to the refusal of the trial justice to grant the defendant a new trial.

The parties entered into a written contract whereby the plaintiff agreed to sell and the defendant agreed to buy ten carloads of "United States Grade Number One eating stock potatoes" delivered in Newport, R. I.   The defendant accepted and paid for five carloads and failed to accept the other five carloads.   Three carloads the defendant inspected

and refused to accept for the reason, as it contended at the trial, that the potatoes were not up to the grade specified in the contract. The defendant did not inspect the two other carloads, which, after remaining in Newport for a considerable length of time, were together with said three carloads sold by the plaintiff at the then market price which was considerable less than the contract price. The jury found that all of the potatoes in question were equal to the grade specified in the contract and also that the two carloads which the defendant failed to inspect were held in Newport for the defendant's inspection for more than a reasonable length of time before being resold. The defendant now admits that the latter finding is conclusive.

When the plaintiff was informed by the defendant that the three carload lot was unsatisfactory the plaintiff requested the Produce Reporter Company to send some one to Newport to inspect the three carloads and report to him the condition of the potatoes. The Reporter Company sent Ralph A. Ely to make the inspection. Mr. Ely, finding that the color of some of the potatoes was dark, told the defendant's agent, Mr. David, that he had some ground for complaint. Thereupon the defendant telegraphed the plaintiff that the three carloads were flatly rejected. Ely, at the time he made the statement, was not aware of the fact that color was not a factor in determining whether potatoes were up to United States Grade Number One. The defendant now contends that the above statement of Mr. Ely misled the defendant and caused it to reject the three carloads; that the plaintiff is bound by the statement of his agent and that consequently the trial justice erred in not granting the defendant's motion for a new trial on the ground that the verdict was against the law.

The contention that the court erred in refusing to grant the motion for a new trial on the ground that the verdict is (1) against the law is unsound: first, because the defendant was not bound by the statements made by Mr. Ely who had no authority to make admissions binding his employer.

Mr. Ely was not employed to adjust the dispute with the defendant. His sole duty was to inspect the potatoes and report their condition to the plaintiff. See *Skelton* v. *Manchester,* 12 R. I. 326. Second: the trial justice did not rule at the trial that the plaintiff was bound by the statements of Ely to the effect that the defendant had some ground for complaint. Neither the verdict nor the complete record discloses anything which indicates that the jury did not accept and follow the law as stated to them by the trial justice; his statement to them of the law was the law of the case. A verdict can not be said to be against the law unless it appears that the jury failed to follow the law as stated to them by the trial court. *Greene* v. *Rhode Island Co.,* 38 R. I. 17. The case was submitted to the jury on the issue of whether the potatoes were up to United States Grade Number One, the grade specified in the contract. Several witnesses testified that they were. The defendant produced witnesses who testified that the potatoes were not up to United States Grade Number One. The trial justice in his rescript said: "On the whole testimony the Court is clearly of the opinion that the verdict of the jury is supported by the great preponderance of the testimony." Said justice, in conformity with his duty, in passing upon the motion for a new trial on the ground that the verdict was against the evidence, weighed the conflicting evidence and in so doing found that the plaintiff's witnesses were more worthy of belief. We find no reason for disturbing the verdict which has the approval of the trial justice. *Reddington* v. *Getchell,* 40 R. I. 463; *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292.

The remaining exceptions are without merit and require no consideration.

. All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Waterman & Greenlaw, Edwin J. Tetlow,* for plaintiff.
*Burdick & MacLeod,* for defendant.